UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MUBASHAR HASSAN,

              Petitioner,

   v.

PAMELA BONDI, *et al.*,

              Respondents.

Case No. C25-2559-JHC-MLP

ORDER TO SHOW CAUSE

On December 12, 2025, Petitioner Mubashar Hassan submitted to the Court for filing a proposed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and an application to proceed with this federal habeas action in forma pauperis ("IFP"). (Dkt. ## 1-2.) On December 15, 2025, the Court, noting that Petitioner appeared to have sufficient funds to pay the $5.00 filing fee, ordered him to pay the fee or show cause why he could not by December 22, 2025. (Dkt. # 5.) To date, Petitioner has not filed any response or paid the filing fee.

It is within the inherent power and discretion of the court to dismiss a civil case for lack of prosecution. Fed. R. Civ. P. 41(b); *see McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991) (failure to prosecute must be unreasonable in order to support dismissal); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss

ORDER TO SHOW CAUSE - 1

a case for lack of prosecution."); *Young v. United States*, 465 F. App'x 597, 598 (9th Cir. 2012) (district court did not abuse its discretion by dismissing habeas action because petitioner failed to timely pay filing fee or remedy IFP application deficiencies). Courts weigh five factors to determine if involuntary dismissal for lack of prosecution is proper. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). These factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Id.* Dismissal is proper if at least four factors support it, or if three factors "strongly" support it. *Transamerica Life Ins. Co. v. Arutyunyan*, 93 F.4th 1136, 1147 (9th Cir. 2024) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).

In light of Petitioner's failure to timely remedy the filing fee deficiency, he is ORDERED to show cause by **January 5, 2026**, why this action should not be dismissed for failure to prosecute. Absent a timely response to this Order, this Court will recommend this action be dismissed without prejudice. The Clerk is directed to send copies of this order to the parties and to the Honorable John H. Chun.

Dated this 29th day of December, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER TO SHOW CAUSE - 2